LEMMON, Judge
(concurring).
The issue in this case is one of degree. Had the jury awarded Mrs. Eymard $1.00 in general damages, we would set aside the award as inadequate; similarly, had the jury awarded $1,000,000.00, the clearly excessive verdict could not stand. But when does “much discretion” end and abuse begin ?[1]
To answer this question, three human beings (sitting as a panel of appellate judges), calling upon their own experiences and sensitivities and using prior decisions in cases of similar injuries as a guide, must decide whether twelve other human beings acted reasonably. In my opinion an appellate judge, in order to reach this decision, should make a judgment on the evidence of what a reasonable amount would be; then he should compare this amount with the amount awarded, not for the purpose of substituting his judgment for that of the jury, but in order to decide whether the great amount of discretion accorded to.juries has been abused.
Using this method, I have decided the jury acted unreasonably.
Although not conclusive in itself, a fact to be noted is that the jury awarded $750.-00 in medical expenses on evidence of such expenses totaling $371.93.

. This problem is often complicated by sufficiency of evidence considerations, when a plaintiff seeks several elements of damages without using special interrogatories. The defendant may question a lump sum jury verdict on the grounds that a major element of the award was not proved, such as impaired earning capacity or loss of future wages in Abadie v. Employers Group Ins. Co., 250 So.2d 84 (La.App. 4th Cir. 1971). Or the plaintiff may contend that the total jury award could not contain an amount for a proved item of damages, such as future medical expenses in Campbell v. Chatelain, 286 So.2d 799 (La.App. 4th Cir. 1973).
The present case presents no such competing considerations. The pleadings and the supporting evidence only seek and justify an award for the pain, suffering and anguish associated with an injury from which plaintiff recovered quickly with no residual disability.